NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3938-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JAMES COLEMAN, a/k/a IBN
EL-AMIN PASHA,

 Defendant-Appellant.
__________________________

 Submitted November 9, 2017 – Decided December 1, 2017

 Before Judges Koblitz and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment No.
 04-03-0255.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michele A. Adubato, Designated
 Counsel, on the briefs).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Nancy A. Hulett,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant James Coleman, also known as Ibn El-Amin Pasha,

appeals from a March 4, 2016 order denying his petition for post-
conviction relief (PCR) after oral argument but without an

evidentiary hearing. We affirm substantially for the reasons

expressed in Judge James F. Mulvihill's written opinion.

 After two trials due to defendant's successful request to

bifurcate the indictment, defendant was convicted of two 2003

shooting murders and numerous other charges involving stalking and

terrorizing his wife, at times with a gun, which resulted in a

sentence of 168 years in prison. See State v. Pasha, No. A-1590-

05 (App. Div. July 31, 2008) (slip op. at 1-2) (affirming

defendant's convictions on direct appeal), certif. denied, State

v. Pasha, 197 N.J. 14 (2008). Defendant mounted a spirited defense

at his trials. Although defendant did not testify, he called both

fact and expert witnesses.

 In his PCR appeal, defendant argues:

 POINT I: THE PCR COURT'S DENIAL OF
 PETITIONER'S REQUEST FOR AN EVIDENTIARY
 HEARING WAS ERRONEOUS.

 POINT II: THE PETITIONER'S CLAIMS WERE NOT
 BARRED BY R. 3:22-5.

 POINT III: THE PETITION FOR POST-CONVICTION
 RELIEF SHOULD HAVE BEEN GRANTED BECAUSE MR.
 PASHA WAS DENIED THE EFFECTIVE ASSISTANCE OF
 COUNSEL GUARANTEED BY BOTH THE UNITED STATES
 AND NEW JERSEY CONSTITUTION.

 New Jersey courts follow the rule formulated by the United

States Supreme Court in Strickland v. Washington, 466 U.S. 668,

687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To

 2 A-3938-15T1
show ineffective assistance a defendant must identify acts or

omissions showing unreasonable professional judgment, and then

must show that these errors had a prejudicial effect on the

conviction. State v. Fritz, 105 N.J. 42, 58 (1987). The same

standards are applied to ineffective assistance of appellate

counsel claims. State v. Harris, 181 N.J. 391, 518 (2004).

 In reviewing claims of ineffective assistance of counsel, we

apply a strong presumption that defense counsel "rendered adequate

assistance and made all significant decisions in the exercise of

reasonable professional judgment." Strickland, supra, 466 U.S.

at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. "[C]omplaints

'merely of matters of trial strategy' will not serve to ground a

constitutional claim of inadequacy . . . ." Fritz, supra, 105

N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489, cert.

denied, 374 U.S. 855, 83 S. Ct. 1924, 10 L. Ed. 2d 1075 (1963),

overruled in part on other grounds by, State v. Czachor, 82 N.J.

392, 402 (1980)). "The quality of counsel's performance cannot

be fairly assessed by focusing on a handful of issues while

ignoring the totality of counsel's performance in the context of

the State's evidence of defendant's guilt." State v. Castagna,

187 N.J. 293, 314 (2006). "As a general rule, strategic

miscalculations or trial mistakes are insufficient to warrant

reversal 'except in those rare instances where they are of such

 3 A-3938-15T1
magnitude as to thwart the fundamental guarantee of [a] fair

trial.'" Id. at 314-15 (quoting State v. Buonadonna, 122 N.J. 22,

42 (1991)). "[A]n otherwise valid conviction will not be

overturned merely because the defendant is dissatisfied with his

or her counsel's exercise of judgment during the trial." State

v. Allegro, 193 N.J. 352, 367 (2008) (quoting Castagna, supra, 187

N.J. at 314).

 Judge Mulvihill reviewed in detail defendant's twenty-five

claims of defense counsel's trial errors and seven claims of

ineffective appellate counsel. On appeal, appellate PCR counsel

grouped these claims into the following categories: 1) failure to

conduct reasonable investigation; 2) failure to call certain

witnesses; 3) failure to request a mistrial; 4) failure to object

to admission of certain evidence; 5) failure to conduct adequate

cross-examination of pivotal witnesses; 6) failure to communicate

a plea offer to petitioner;1 7) failure to move for severance into

four separate trials; 8) other claims; 9) ineffectiveness of

appellate counsel; 10) cumulative errors; and 11) prejudice.

 Judge Mulvihill discussed the alleged errors in light of the

State's evidence, finding that had defense counsel used the trial

1
 The purported failure to communicate a plea offer was prior to
a superseding indictment, and given defendant's continuing claim
of innocence, he could not have given a factual basis in any event.
State v. Tacetta, 200 N.J. 183, 186 (2009).
 4 A-3938-15T1
strategies now advanced by defendant, it would not have changed

the outcome. Post-trial and post-appeal disagreement with

strategy does not constitute ineffective assistance of counsel.

Castagna, supra, 187 N.J. at 314-15. Judge Mulvihill determined

that defendant failed to demonstrate his trial or appellate defense

was constitutionally defective. He delineated the reasons in a

careful and thorough fifty-three-page written opinion.

 Affirmed.

 5 A-3938-15T1